IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01157-CBS

MARQUISE D. HARRIS,

    Plaintiff,

v.

THE CITY & COUNTY OF DENVER (sued official capacity),
DENVER DEPARTMENT OF SAFETY (sued official capacity),
DENVER SHERIFF'S (sued individual and official capacity),
RAYMOND N. SATTER (sued individual and official capacity),
CLERK KIM (sued individual and official capacity),
BRIAN McNEILL #07012 (sued individual and official capacity), and
FRANK INGHAM (sued individual and official capacity),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Marquise D. Harris, has filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages and injunctive relief.

The court must construe the Complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Complaint and finds that the Complaint is deficient.

For one thing, it is not clear exactly who and how many Defendants Mr. Harris is suing because the Defendant identified as "Denver Sheriffs" is not a proper Defendant in this action.  Although not entirely clear, it appears that Mr. Harris may be intending to name as Defendants individual members of the Denver Sheriff Department.  If that is the case, Mr. Harris should name those individuals as Defendants.  Mr. Harris may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he still must make clear how many John and Jane Does are being named as Defendants and he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.  Mr. Harris is advised that, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

The court also finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.

Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harris makes repetitive, vague, and conclusory allegations in the Complaint that his constitutional rights were violated when he was falsely imprisoned in Denver, Colorado, pursuant to official municipal policies and practices.  It appears to the court that the claims Mr. Harris is asserting arise primarily out of his contention that he was held at Denver's Downtown Detention Facility until June 2, 2011, when he should have been released on bail on June 1, 2011.  However, Mr. Harris fails to provide a short and plain statement of his claims because he fails to allege specifically what each Defendant did that allegedly violated his constitutional rights and his allegations regarding his detention between June 1 and June 2 are confusing and contradictory.  The specific claims Mr. Harris is asserting are made even more confusing by his inclusion of vague and conclusory allegations regarding warrant checks, strip searches, his arrests in March and May 2011, his confinement at the Adams County Jail in May 2011, and other events that may or may not be related to the alleged false imprisonment in June 2011.

For these reasons, Mr. Harris will be directed to file an amended complaint that clarifies who he is suing and the claims he is asserting in this action.  Mr. Harris is

advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

The court emphasizes that personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harris must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To the extent Mr. Harris may name supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and

> eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Finally, because Mr. Harris has named a municipal entity as a Defendant, the court notes that a municipality also may not be held liable on a theory of respondeat superior.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In order to state a claim against a municipal entity, Mr. Harris must identify a municipal policy or custom that caused the alleged violations of his rights.  *See Dodds*, 614 F.3d at 1202 (discussing Supreme Court standards for municipal liability).  Accordingly, it is

ORDERED that Mr. Harris file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Harris shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harris fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 7, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge